UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ALEXANDRIA ARLINGTON**                                  **CIVIL ACTION**

**VERSUS**                                                       **NO. 24-711**

**HARRAH'S HOTEL AND CASINO,**                  **SECTION: D(5)**
**NEW ORLEANS, LA, ET AL.**

**ORDER AND REASONS**

Before the Court is a Motion to Remand filed by Plaintiff Alexandria Arlington ("Plaintiff").[1] Defendants Jazz Casino Company, LLC and Zurich American Insurance Co. (collectively, "Defendants") oppose the Motion.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Motion is **DENIED**.

## I.  FACTUAL BACKGROUND

This case arises from injuries allegedly sustained by Plaintiff in a parking garage elevator in New Orleans, Louisiana.[3] Plaintiff alleges that on December 29, 2022, while riding the elevator, the elevator "suddenly dropped one floor jerking plaintiff's body around and causing the damages and injuries to the plaintiff herein."[4] On December 20, 2023, Plaintiff filed a Petition for Damages against Defendants in the Civil District Court for the Parish of Orleans, State of Louisiana.[5] Following a February 21, 2024 phone call between counsel during which counsel for Plaintiff

---

[1] R. Doc. 48.
[2] R. Doc. 49.
[3] R. Doc. 1-1 at ¶ 3.
[4] *Id.* at ¶ 6.
[5] R. Doc. 1-1. Plaintiff also named as defendants Caesars Entertainment, Inc., Vici Properties, Inc., and Harrah's Hotel and Casino, New Orleans, LA. *Id.* Plaintiff has since dismissed her claims against these entities, however.

confirmed that Plaintiff "would seek damages in excess of $75,000," Defendants timely removed to this Court on the basis of diversity jurisdiction.[6]

On March 26, 2025, Plaintiff filed the instant Motion to Remand, arguing that the amount in controversy in this matter does not exceed $75,000, as is required for diversity jurisdiction.[7] In her Motion, Plaintiff argues that Defendants "did not and could not have in good faith believe[d] that the amount in controversy was in excess of the jurisdictional requirement of $75,000" at the time of removal.[8] Plaintiff bases this on a video of the incident which Defendants consider to "show[] that the elevator neither fell, dropped, nor moved in any violent or sudden manner" and that, based on the video, "the jury will likely find that such a benign event could not be responsible for any jury [Plaintiff] is claiming."[9] According to Plaintiff, this video has caused both parties to make settlement offers for amounts under $75,000.[10] Finally, Plaintiff attaches a stipulation to her Motion in which Plaintiff "stipulates that the amount in controversy in this matter does not exceed $75,000" and "further stipulates that she is not seeking, will not seek, and will not accept damages in excess of $75,000."[11]

In their opposition, Defendants argue that none of the events cited by Plaintiff affect this Court's jurisdiction because diversity jurisdiction was properly vested at the time of removal and post-removal events cannot divest a federal court of its jurisdiction.[12] Defendants further argue that Plaintiff has never challenged this

---

[6] R. Docs. 1 and 1-3.
[7] R. Doc. 48.
[8] R. Doc. 48-1 at 3.
[9] R. Doc. 48-4.
[10] *Id.* at 5.
[11] R. Doc. 48-3 at 1.
[12] R. Doc. 49 at 1.

Court's jurisdiction and has, in fact, confirmed through written discovery that the amount in controversy is met.[13] Defendants argue that Plaintiff's stipulation "is gamesmanship designed to sidestep procedure" and that neither "judicial inefficiency [sic] nor economy are served by remanding this matter to state court."[14]

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and may only exercise jurisdiction over a case if diversity jurisdiction or federal question jurisdiction exists.[15] Relevant to this case, a federal court may exercise diversity jurisdiction over civil actions between citizens of different states and in which the amount in controversy exceeds $75,000, exclusive of interests and costs.[16]

In determining whether the amount in controversy has been met, "[t]he sum claimed by the plaintiff controls if the claim is apparently made in good faith" "unless the law gives a different rule."[17] Louisiana precludes plaintiffs in state courts from assigning a numerical value to their complaints.[18] Because of this, the Fifth Circuit has developed a framework for resolving questions concerning the amount in controversy in cases removed from Louisiana state courts.[19] Under this framework, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 either "(1) by demonstrating that it is 'facially

---

[13] *Id.* at 4.
[14] *Id.* at 1, 4.
[15] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see* U.S. CONST., art. III, § 2, cl. 1; 28 U.S.C. § 1331-32.
[16] 28 U.S.C. § 1332.
[17] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)
[18] LA. CODE. CIV. PROC. art. 893.
[19] *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).

apparent' that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'"[20]  "Once the defendant has met his burden, the plaintiff can only defeat jurisdiction by 'showing to a legal certainty that the amount in controversy does not exceed $75,000.'"[21]

Critically, the facts alleged to support subject matter jurisdiction must be judged at the time of the removal.[22]  For this reason, "subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction."[23]  Moreover, "[p]ost-removal affidavits or stipulations may be considered only in limited circumstances. If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount in controversy as of the date of removal."[24]

### III.  ANALYSIS

Plaintiff argues that this Court lacks diversity jurisdiction over this matter because the amount in controversy does not exceed $75,000.[25]  In considering Plaintiff's argument, the Court looks first to whether it is facially apparent from the Petition itself that Plaintiff's claims exceed $75,000.  In her Petition, Plaintiff alleges

---

[20] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).
[21] *Gallin v. Tyson Foods, Inc.*, No. 19-CV-10070, 2019 WL 2611126, at *2 (E.D. La. June 26, 2019) (quoting *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002)).
[22] *Id.*
[23] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).
[24] *Lee v. Degou*, No. 22-CV-1352, 2022 WL 2353379, at *2 (E.D. La. June 30, 2022) (internal quotations and citations omitted).
[25] The parties appear to agree, and the Court finds, that the parties are completely diverse in citizenship. *See* R. Docs. 9, 10, 11, 34, and 35.

4

that she suffered "injuries to her body as a whole, necessitating treatment" and prays for damages for "pain and suffering, medical expenses, emotional distress, wage loss, in addition to any and all other may be shown."[26] These allegations alone do not make it facially apparent that Plaintiff's claims exceed $75,000. There is no particularity in the description of the injuries that make the value of the Plaintiff's claims apparent.[27] Nor does Plaintiff's cited categories of damages assign any value amount to her claims. Indeed, "[c]ourts have routinely held that pleading general categories of damages, . . . without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[28]

However, Defendants have submitted summary judgment-type and other evidence showing by a preponderance of the evidence that Plaintiff's claims, at the time of removal, exceeded $75,000.[29] Defendants attached to their Notice of Removal email correspondence between defense counsel and Plaintiff's counsel.[30] This email served as a confirmation and summation of a phone call during which counsel for Plaintiff confirmed that Plaintiff was, at that time, seeking more than $75,000 in

---

[26] R. Doc. 1-1 at ¶¶ 9, 10.
[27] *See Nelson v. Nationwide Mut. Ins. Co.,* 192 F.Supp.2d 617, 619 (E.D. La. Nov. 20, 2001) (holding that while the plaintiff plead general categories of damages, the amount in controversy was not facially apparent because of the lack of specificity in the alleged injuries sustained).
[28] *Dykes v. Lyft, Inc.*, 551 F.Supp.3d 618, 622-23 (M.D. La. 2021) (internal quotations and citations omitted) (collecting cases).
[29] R. Doc. 39. The Court ordered an Amended Notice of Removal following an initial status conference. To the extent that the Amended Notice of Removal brings to the Court's attention any facts relevant to post-removal damages, the Court declines to consider these.
[30] R. Doc. 1-3 and R. Doc. 39. While Defendants properly filed their Amended Notice of Removal, the Court finds that the evidence to establish the amount in controversy was properly included in the Original Notice of Removal. R. Doc. 1 and R. Doc. 1-3.

damages.[31] This email positively identified the amount in controversy as over $75,000, and the Court therefore finds that Plaintiff's admission made it more likely than not that at the time of removal, the amount in controversy exceeded $75,000.[32]

Since Defendants successfully showed that the amount in controversy exceeds $75,000, Plaintiff can only prevail by showing to a legal certainty that Plaintiff's claims fall below this amount. To this end, Plaintiff points to video of the incident, the parties' post-removal settlement offers, and a post-removal stipulation executed by Plaintiff. Even in conjunction, the cited events and information is not sufficient to meet Plaintiff's burden. A plaintiff meets the "legal certainty" bar "by identifying a statute or by filing a binding stipulation" that her claims fall below the jurisdictional threshold.[33] Plaintiff does not cite any statute showing that she is barred from recovering in this case or that her damages are capped below the jurisdictional threshold. And while Plaintiff now offers a binding stipulation, stipulations "may be considered only if the basis for jurisdiction is ambiguous at the time of removal."[34] As the Court has already explained, the amount in controversy was not ambiguous at the time of removal.[35] Thus, Plaintiff's post-removal stipulation cannot show to a

---

[31] R. Doc. 1-1.
[32] In their opposition, Defendants cite to post-removal discovery responses from Plaintiff. R. Doc. 49 at 4. However, because the Court finds that the amount in controversy was not ambiguous at the time of removal, the Court does not consider the discovery responses.
[33] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 724 (5th Cir. 2002).
[34] *Gebbia*, 233 F.3d at 883.
[35] To the extent Plaintiff argues that the removal in this case was in bad faith or otherwise defective due to Defendants' failure to alert Plaintiff and/or the Court to the existence of the video, the Court rejects Plaintiff's position. The Court notes that there is nothing in the record to suggest that Defendants possessed the video or knew of its existence when they removed this matter. Even if they did, Plaintiff has not pointed to anything to support the position that a video (which Plaintiff did not provide to the Court) allegedly showing that Plaintiff's injuries appeared minimal at that time and that the elevator passengers were inside the stopped elevator for only seventeen minutes would have called into question Plaintiff's pre-removal claim that she was seeking in excess of $75,000. Further,

legal certainty that her claims were valued at less than $75,000 at the time of removal. For these reasons, remand is not appropriate.[36]

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion to Remand[37] is **DENIED**.

New Orleans, Louisiana, May 20, 2025.

**WENDY B. VITTER**
**United States District Judge**

---

as pointed out above, and for the reasons stated, the Court is satisfied that the amount in controversy was not ambiguous in the Original Notice of Removal.

[36] The Court notes that its decision is in no way based on Defendants' arguments that Plaintiff's Motion is untimely or that judicial efficiency would be best served by denying Plaintiff's Motion. *See Hayes v. Gulf Oil Corp.*, 821 F.2d 285, 290 (5th Cir. 1987) ("A defect in the district court's subject matter jurisdiction . . . may be raised *at any time* by the parties or the court itself and cannot be waived.") (emphasis added).

[37] R. Doc. 48.